UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PATRICIA WESTRICH-JAMES,       )
                               )
       Plaintiff,              )
                               )    CIVIL ACTION NO.
VS.                            )
                               )    3:07-CV-1329-G
DALLAS MORNING NEWS, INC. and  )
BELO CORP.,                    )    **ECF**
                               )
       Defendants.             )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants The Dallas Morning News, Inc. ("TDMN") and Belo Corp. ("Belo") to partially dismiss the amended complaint of the plaintiff Patricia Westrich-James ("Westrich-James"). For the reasons set forth below, the motion is granted.

### I. BACKGROUND

Westrich-James served as a manager for TDMN. Amended Complaint and Jury Demand ("Complaint") ¶ 9. Beginning in 2004, Westrich-James contends, the defendants created a hostile work environment and "bullied" her. *Id*. ¶ 11. She complained to the defendants' human resources department, but it refused to intervene. *Id*. ¶ 13. Westrich-James asserts that the defendants' harassment of her

caused her Parkinson's Disease symptoms to worsen. *Id*. ¶ 11. As a result, she took a medical leave. *Id*. ¶ 14. When she attempted to return to her position, she was told that she could not return. *Id*. This refusal caused her additional emotional distress and caused her medical symptoms to worsen. *Id*. Westrich-James then presented the defendants with a medical release. *Id*. ¶ 15. Westrich-James asserts that the defendants did not accept the release, refused her requests for reasonable accommodations or for a hostility-free work environment, harassed her, and then terminated her employment because she did not timely present a medical release. *Id*. ¶¶ 15, 34.

Westrich-James was a participant in and beneficiary of the Belo Pension Plan and disability, medical, and leave plans (collectively, the "Plans") subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and sponsored by the defendants. *Id*. ¶ 32; Brief in Support of Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint ("Motion") at 1. Westrich-James contends that Belo acted as sponsor and co-administrator of the Plans, and that the defendants' principals served on the Belo Benefits Administrative Committee which assisted Belo in administering the plans. Complaint ¶ 33.

On September 12, 2006, TDMN terminated Westrich-James's employment after more than 25 years of service. *Id*. ¶ 9. At the time of her termination, Westrich-James was over the age of 60, suffered from Parkinson's Disease and

depression, and had filed a charge of discrimination for violations of the Equal Pay Act ("Equal Pay Act"), 29 U.S.C. § 206(d).  *Id*.

On August 1, 2007, Westrich-James filed this suit.  On March 28, 2008, she amended her complaint, alleging that the defendants's termination of her employment violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, the Texas Labor Code, Equal Pay Act, and ERISA.  *See generally* Complaint.  As to the ERISA claim, Westrich-James asserts that the defendants violated their fiduciary obligations to her imposed by ERISA, by terminating her employment in retaliation for exercising her rights under the plan, by intentionally denying her benefits under the plan, by refusing to accept her medical release, and by failing to advise her of her rights under the plan.  *Id*. ¶¶ 35, 36.  The defendants, urging that Westrich-James is legally unable to recover for a breach of fiduciary duty on these facts, seek dismissal of Westrich-James's breach of fiduciary duty under ERISA claims pursuant to F.R. CIV. P. 12(b)(6).  *See generally* Motion.

## II.  ANALYSIS

### A.  *Standard for Dismissal under Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  However, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of her claims that would entitle her to

relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."), *cert. denied,* 459 U.S. 1105 (1983).

In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

B.  *Fiduciary Duty Claims*

The defendants maintain that Westrich-James's claim of breach of fiduciary duty under ERISA must be dismissed because neither TDMN nor Belo are plan administrators. Reply in Support of Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint ("Reply") at 2.

Under ERISA, "[a]ny money judgment . . . against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his

individual capacity under this subchapter." 29 U.S.C. § 1132(d). The Fifth Circuit has not specifically construed this statute; however, it has noted that "[w]hile [this] language suggests that the plan is the only proper party defendant, other Circuits have allowed employees to maintain actions against their employers for the denial of benefits . . . when it was the employer's decision to deny benefits . . . and when the employer is the plan administrator or sponsor." *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003), *cert. denied*, 540 U.S. 1110 (2004); see also *Daniel v. Eaton*, 839 F.2d 263, 266 (6th Cir.), *cert. denied*, 488 U.S. 826 (1988) (holding that "[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits"); *Garren v. John Hancock Mutual Life Insurance Company*, 114 F.3d 186, 187 (11th Cir. 1997) (holding that an employer designated as the Plan Administrator *was* a proper party defendant).

Thus, in order for TDMN or Belo, as employers, to be a proper party to this suit, Westrich-James would have to show that each of them was an administrator of the Plans. A person is a fiduciary under ERISA if "he has any discretionary authority or discretionary responsibility in the administration of [an ERISA] plan." 29 U.S.C. § 1002(21)(A). Westrich-James avers that "[d]efendants acted as joint employers, and Belo Corp. acted as the administrator of the ERISA plans." Complaint ¶ 36. The defendants maintain that Westrich-James's breach of fiduciary duty claim against

TDMN must be dismissed because she thus concedes that TDMN is not the Plans administrator.  Motion at 3.  The court agrees that Westrich-James's breach of fiduciary duty claim against TDMN must be dismissed.

The defendants further aver that Westrich-James's breach of fiduciary duty claim against Belo must be dismissed because she has failed to establish that Belo is the Plan administrator, and Belo did not acted as a fiduciary in violation of ERISA. *Id*.; Reply at 2.  Rather, the defendants maintain, the Plans provide that the Belo Administrative Committee has the full power and responsibility to administer the Plans.  Motion at 6.  Westrich-James contends, however, that although Belo might have delegated any its duties under the Plans to its agents, Belo still had a duty to "properly select those individuals and to monitor their conduct . . . ."  Plaintiff's Response to Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint and Supporting Brief ("Response") at 2.  This bare allegation is not sufficient to establish that Belo served as the Plan administrator.

ERISA recognizes that employers may "act in a dual capacity as both fiduciary to the plan and as employer."  See *Hickman v. Tosco Corporation*, 840 F.2d 564, 566 (8th Cir. 1988).  Consequently, the Act "does not 'prohibit an employer from acting in accordance with its interests as employer when not administering the plan or investing its assets.'" *Dzinglski v. Weirton Steel Corporation*, 875 F.2d 1075, 1079 (4th Cir.) (quoting *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1471 (11th Cir. 1986)), *cert.*

*denied*, 493 U.S. 919 (1989).  An employer, then, may "wear 'two hats,' and . . . assume fiduciary status 'only when and to the extent' that [it] function[s] in [its] capacity as [a] plan administrator[ ]. . . ."  *Amato v. Western Union International, Inc.*, 773 F.2d 1402, 1416-17 (2d Cir. 1985), *cert. dismissed*, 474 U.S. 1113 (1986); see also *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan*, 24 F.3d 1491, 1498 (3d Cir. 1994), *cert. denied*, 513 U.S. 1149 (1995).  This statutory scheme allows businesses to make employment decisions for business reasons without exposing themselves to possible effects on prospective or contingent employee benefits.  See *Dzinglski*, 875 F.2d at 1079 (citing *Sutton v. Weirton Steel*, 567 F. Supp. 1184, 1200-01 (N.D. W.Va.), *aff'd*, 724 F.2d 406 (4th Cir. 1983)); *Hickman*, 840 F.2d at 566 (quoting *Phillips v. Amoco Oil Co.*, 614 F. Supp. 694, 718 (N.D. Ala. 1985) ("ERISA does not require that 'day-to-day corporate business transactions, which may have a collateral effect on prospective, contingent employee benefits, be performed solely in the interest of plan participants.'"), *aff'd*, 799 F.2d 1464, 1471 (11th Cir. 1986), *cert. denied*, 481 U.S. 1016 (1987)).

Determining whether a company acted as an employer or a plan administrator "involves a sensitive analysis. . . ."  *Nazay v. Miller*, 949 F.2d 1323, 1329 (3rd Cir. 1991).  Case law indicates that it is the nature of the acts taken by an employer -- not the intent behind them -- that determines in what capacity the employer acted.  Accordingly, several courts have concluded that when a business decides whether to

terminate an employee, it is acting as an employer and not as a fiduciary. See *Hickman*, 840 F.2d at 567 ("[The defendant's] decisions to terminate appellants rather than carry them on the payroll were employment decisions that did not directly affect the administration of the pension plan or the investment of its assets."); *Moehle v. NL Industries, Inc.*, 646 F. Supp. 769, 778-80 (E.D. Mo. 1986) (employer's refusal to place former employees on layoff status -- which would have maximized their pension benefits -- were employment decisions), *aff'd*, 845 F.2d 1027 (8th Cir. 1988) (table).

Even if the court assumes *arguendo* that the defendants' rationale for terminating Westrich-James was merely a pretext for preventing her from exercising her options, Westrich-James's proper avenue for redress is section 510 of ERISA[*] -- a claim that has been sufficiently pleaded and not challenged on this motion. In fact, the defendants concede that "Plaintiff has adequately pled an independent wrongful interference claim [under 29 U.S.C. § 1140] . . . [a]ccordingly, Defendants do not move to dismiss this claim." Reply at 6; *see also* Response at 1. Westrich-James asserts that she has stated viable claims under Section 510 of ERISA, as well as legally cognizable claims for breach of fiduciary duty against both defendants. Response at 1. While Westrich-James's allegations may state a claim under Section 510 of

---

[*]     29 U.S.C. § 1140 ("It shall be unlawful for any person to discharge . . . a participant . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . .".).

ERISA, they clearly do not state a claim on which relief may be granted against TDMN for breach of fiduciary duty under that Act. This claim against Belo Corp. is similarly flawed. Westrich-James is hereby granted leave to amend her complaint, within twenty days of this date, to replead her claim against Belo Corp. for breach of fiduciary duty under ERISA.

### III.  CONCLUSION

For the reasons stated above, the motion of the defendants to partially dismiss the amended complaint of Westrich-James is **GRANTED**. TDMN's motion to dismiss the breach of fiduciary duty claim against it is **GRANTED**, and this claim against TDMN is **DISMISSED** with prejudice. Westrich-James's breach of fiduciary duty claim against Belo, however, is **DISMISSED** without prejudice, and Westrich-James is hereby **GRANTED** leave to amend her complaint, **within twenty days of this date**, to replead, if she can, her claim for breach of fiduciary duty under ERISA with more particularity. Failure to file an amended complaint within that time will result in dismissal, without further notice, of this claim with prejudice.

**SO ORDERED**.

March 25, 2009.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**